## MARY RABUN *v.* R. F. RABUN et al.

If a deed be legal by the laws of the country where it was executed, our courts will not interpose to defeat the possession of the legal holder acquired in that country, although there may be clauses in the instrument which would not have been valid under our law.

The doctrine of the common law in regard to the formality of *livery of seizin* and the creation of an estate in remainder, does not apply to the creation of a trust estate in a chattel.

APPEAL from the District Court of the Parish of Union, *Richardson*, J. *W. J. S. Baker*, for plaintiff and appellant. *McGuire & Ray*, for defendants.

MERRICK, C. J. This suit was commenced as an action of partition of certain slaves alleged to belong to the succession of *John Rabun*, deceased, the father of the plaintiff and defendant.

The defendant, *R. F. Rabun*, claims title to the property in virtue of two deeds executed in the State of Alabama : the one by one *Fuller* to him, and the other by his father, *John Rabun*.

The plaintiff alleges the nullity of the deeds, for fraud and simulation, she being a forced heir, and pleads the Statute of Limitations of Alabama, and the prescriptions of five and fifteen years of our law.

The defendant also pleads prescription.

So far as the question of possession is concerned, it seems that the parties came from Alabama together, and that *John Rabun* possessed, according to his own acknowledgments, under the title of his son, *R. F. Rabun*, and *that* possession has not been shown to be inconsistent with the deeds.

The judgment of the lower court was final in favor of defendant.

The deed from *Benjamin Fuller* to *R. F. Rabun* was under seal, and executed in Alabama in 1838. *John Rabun*, however, paid the price. It seems also that the title was taken in the name of *R. F. Rabun*, on account of some apprehension of a debt for which *John Rabun* was security ; and it seems further, that the

deed of gift from *John Rabun* to *R. F. Rabun* had its origin in the same motive. As the parties resided in Alabama at that time, we are of the opinion that none but creditors could attack the title conveyed by the deeds of sale and of gift.

The common law, which prevails in Alabama, does not admit the principle of forced heirship, and under that law the deeds could not be attacked by the other heirs.

It is contended, that the deed from *John Rabun* to his son has never been delivered. We think the contrary has been sufficiently proved. The instrument was executed and taken from the office of the conveyances by *John Rabun*. It was subsequently in the possession of *R. F. Rabun*, and delivered by him to *S. J. Bolling*, a subscribing witness, to be proved and registered.

This instrument, it is contended, is invalid by both the common law and our own.

The instrument recites that *John Rabun* and his wife were getting advanced in years, and anticipated that his decline would shortly incapacitate him for business; and then it purports, in consideration of one dollar, to sell the slaves to *R. F. Rabun*. " To have and to hold the said negro slaves mentioned to said *Richard F. Rabun* in trust for the use and support of and benefit of himself (*John Rabun*) and wife (*Mary*) during their natural lives, and the same to have control of, and preserve and protect, and suits to bring, and all necessary things to do and perform for the maintenance and defence of the said slaves ; and after the death of himself and his said wife, *Mary*, the said slaves, in consideration of the services and kind treatment of his said son, *Richard F. Rabun*, to go to and become the property of his said son, *Richard F. Rabun*, his heirs and assigns forever."

We suppose, as already said, this deed was valid by the laws of Alabama, at the time of its execution, against all the world but creditors of *John Rabun*. The legal title vested in *Richard F. Rabun*, subject only to· the equitable estate for life in favor of *John Rabun* and wife. This legal title has been respected by the parties, and there has been no adverse possession, so far as it appears from the evidence, and the slaves are still in the possession of the legal owner and those claiming under him. Now we are called upon to declare this instrument void, for the benefit of the heirs of *John Rabun*, and to restore the slaves to his succession. It seems to us, if the deed be admitted to be legal where executed, our courts should not interpose to defeat the possession of the legal holder acquired in that country, although there may be other clauses in the instrument which would not have been valid under our law.

The doctrine of the common law in regard to the formality of *livery of seizin* and the creation of an estate in remainder, does not, as counsel supposes, apply to the creation of a trust estate in a chattel.

These remarks, we think, dispose of all the points in controversy in the case in this court.

Judgment affirmed.